**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4210**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

HERMAN NATHANIEL SCOTT,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-02-267)

———————

Submitted:  July 18, 2005          Decided:  August 3, 2005

———————

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Katherine Carruth Link, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Herman Nathaniel Scott pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine. The district court sentenced Scott under the federal sentencing guidelines to 188 months imprisonment. This sentence included enhancements for drug quantity and possession of a firearm. The facts underlying these enhancements were found by the district court by a preponderance of the evidence and were neither charged in the indictment nor admitted by Scott at the guilty plea hearing. Citing <u>Blakely v. Washington</u>, 524 U.S. 296 (2004), Scott argues that his sentence is unconstitutional because it was based on facts that were neither charged in the indictment nor proven beyond a reasonable doubt. This issue is raised on appeal for the first time and, thus, is reviewed for plain error. <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005).

After Scott's sentencing, the Supreme Court decided <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and held that the federal sentencing guidelines scheme, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of its mandatory nature. <u>Id.</u> at 746, 750. The Court remedied the constitutional violation by making the guidelines advisory through the removal of two statutory provisions

that had rendered them mandatory.  <u>Id.</u> at 746, 756-57. Subsequently, we held that sentencing a defendant to a significantly longer term of imprisonment than the district court could have imposed based solely on the facts found by the jury, or admitted by the defendant, constituted plain error.  <u>Hughes</u>, 401 F.3d at 547-56.

Here, a sentence based solely on the facts admitted by Scott at his guilty plea hearing would have been at least sixty-seven months less than the term of imprisonment to which he was sentenced.  Accordingly, in light of <u>Booker</u> and <u>Hughes</u>, we find that the district court plainly erred in sentencing Scott.[1] Therefore, we affirm Scott's conviction, vacate his sentence and remand for proceedings consistent with <u>Booker</u>.[2]  We dispense with

_____

[1]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Scott's sentencing. <u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the guidelines. <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence.  <u>Hughes</u>, 401 F.3d at 546. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C. § 3553(c)(2).  <u>Hughes</u>, 401 F.3d at 546.  The sentence must be within the statutorily prescribed range and reasonable.  <u>Id.</u> at 547.

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED
